PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: MIDDLE |
|---|---|---|
| Name: JONATHAN GENE GELB | | Docket or Case No: 6:20-cv-1847 or 1.13-DG L.T. No. CRC-51200B-CF-006906A000043 |
| Place of Confinement: Union Correctional Institution Post office Box 1000 Raiford, Florida 32083 | | PRISONER NO: R30957 |
| Petitioner: JONATHAN G. GELB | Respondent V. Secretary, Department of Corrections & Attorney General, State of Florida | |

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
OCT 26 2020
FOR MAILING

2020 OCT 29 PM 2: 35

MIDDLE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FILED

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1. (a). Name and location of court that entered the Judgment of
   Conviction You are challenging: In the Circuit/County court
   Of the Sixth Judicial Circuit of the State of Florida In and
   For Pasco County @ 7530 Little Road New Port Richel, FL 34654

2. (b). Criminal docket or Case Number. 512008CF006906A0000LdS
   (a). Date of the Judgment of Conviction: June 15, 2022
   (b). Date of Sentencing: June 15, 2022

3. Length of Sentence: 30 Years with 1039 days Jail Credit

4. In this Case, were you convicted on more than one count or of more
   than one crime? NO.

5. Identify all Crimes of Which You were convicted and sentenced in
   this Case: AGGRAVATED CHILD ABUSE F.S. § 827.03(2)(C).

6. (a). What Was Your Plea? Not Guilty
   (b). If You entered a Guilty Plea to one count or charge and a not
   Guilty Plea to another count or charge, what did You Plead Guilty to and
   What did You Plead not guilty to? Not applicable.
   (C). If You went to trial, What Kind of trial did You have? Jury trial.

7. Did You testify at a Pretrial hearing, trial, or a Post-trial hearing?
   Yes.

8. Did You appeal from the Judgment of conviction? Yes.

9. If You did appeal, answer the following:
   (a). Name of Court: SECOND DISTRICT COURT OF APPEAL, P.O. Box
   327, Lakeland, Florida 33802-0327
   (b). Docket or Case number: 2D12-3685
   (C). Result: Per Curiam (affirmed)
   (d). date of result: Opinion filed September 17, 2014
   (e). Citation of the Case:
   (f). Grounds Raised: Issue #1 - Did the State Present Sufficient
   Circumstantial evidence of guilt where a reasonable hypothesis of
   innocence existed showing that the child suffered brain injuries as
   a result of natural Causes?

Issue #2 Did the trial court err in denying appellant's request for a jury instruction that would avoid undermining the beyond a reasonable doubt Standard?

(9.) Did You Seek further review by a higher court? Yes.

(1.) Name of Court: Supreme Court of Florida

(2) Docket or Case Number: SC15-622

(3). Result: The Supreme court is without jurisdiction to review.

(4). Date of Result: April 9, 2015

(5) Citation to the Case:

(6). Grounds Raised: A Pro-Se Motion for rehearing to clarify the decision of (Per curiam (untimed)).

(h). Did You file a Petition for Certiorari in the United States Supreme Court? NO.

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Yes.

11. If Your answer to Question 10 was "Yes", give the following information:

(a). 1. Name of Court: In the Circuit/County court of the sixth Judicial Circuit of the State of Florida In and for Pasco County

(2.) Docket or Case Number: CRC-08-06906 CFAWS-3

(3.) Date of filing: August-29-2013

(4). Nature of the Proceeding: Motion for Post-Conviction Relief 2 Correct Sentencing Error

(5). Grounds Raised:
Sentence exceeds the maximum.

(6). Did You Recieve a hearing where evidence was given on Your application, Petition, or motion: NO

(7). Result:

(8). Date of result:

(b). If You filed any second Petition, application, or motion, give the Same information:

(1). Name of Court: IN The Circuit Court of the Sixth Judicial Circuit of The State of Florida In and for Pasco County

(2). Docket or Case Number: CRC-08-006906CFAWS

(3). Date of filing: December 28, 2015

(4). Nature of the Proceedings: "Motion To Correct Illegal Sentence"

(5). Grounds Raised: the 30 Year Sentence exceeds the statutory ~~doctos~~ maximum under 3827.03(2)(C). Fla. Stat. (2012).

(6). Did you receive a hearing where evidence was given on Your Petition, application, or Motion? No

(7). Result: Motion To Correct Illegal Sentence was thereLy denied.

(8). Date of result: January 2016

(C) If you filed any third Petition, application, or motion, give the Same information:

(1). Name of Court: In The Circuit Court of The Sixth Judicial Circuit of the State of Florida In and for Pasco county.

(2). Docket or Case Number: CRC-08-06906 CFAWS

(3). Date of filing: February 7, 2017

(4). Nature of the Proceeding: MOTION FOR POST-CONVICTION RELIEF

(5). GRounds Raised: (1). Defense Counsel is ineffective due to failure of moving for impeachment & Perjury on State Witness, with the Knowledge of available records of Prior Testimony.

(2). Defense Counsel is ineffective due to failing to introduce eye Witnesses whom would have casted doubt on state's case. (3). Defense Counsel is ineffective due to Counsel failing to object to Judges improper statement that is not a fact in the case Nor supported. (4). Defense Counsel is ineffective for failure to introduce Potential Witness whom is capable to memorialize defendant's version. (5). Defense Counsel is deemed ineffective for allowing a biased and Preludiced Juror to be selected and to remain during trial with Knowledge of Juror's Preludiced statement made Prior to trial. (6). Defense Counsel is deemed ineffective by failing to Call a Potential Witness that Would have been able to cast doubt on defendant's Juilt.

(6). Did you receive a hearing where evidence was given on your Petition, application, or motion? No.

(7). Result: Defendant's motion for Post-conviction Relief is hereby denied.

(8). Date of Result: August 17, 2027

(d). Did you appeal to the highest State court having jurisdiction over the action taken on your Petition, application, or motion?

   (1). FIRST PETITION: NO
   (2). SECOND PETITION: NO
   (3). THIRD PETITION: YES

(e). If you did not appeal to the highest State court having jurisdiction, explain why not:

On Petition #1, I believed that it did not have enough merit to be appealed to a higher state court. As to Petition #2 I did not have enough information to raise an appeal on such Petition, within sufficient amount of time as well.

(12.) For this Petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   Caution: To Proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this Petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(A). Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On December 08ᵗʰ 2022, State of Florida originally filed an information alleging that Petitioner violated Florida Statute §827.03 (2)(C)- Aggravated Child Abuse; on the 30ᵗʰ day of September 2008 Petitioner did commit aggravated battery upon a child under the age of eighteen years of age, and did thereby intentionally or knowingly caused great bodily harm and/or permanent disability to said victim. Petitioner then pursued trial on May 21ˢᵗ 2012 through and up to and including sentencing on June 15ᵗʰ 2012. May 25ᵗʰ 2012, State filed in open court an "Amended Information" alleging Petitioner did knowingly or willfully abuse a child by committing an intentional act that could reasonably be expected to result in Physical or mental injury to said victim. June 15ᵗʰ 2012 a juror rendered a verdict of Guilty and Petitioner was sentenced to 30 Years of incarceration with 1039 days Jail Credit. On May 25ᵗʰ 2012 at the closing of the States case when this "amended felony information" was filed in open court the Judge asked "Why". The State announces "I have spoken with the defense, who doesn't have an objection to the amended information, Judge, but the statute that is cited in the original information does not track the language of the body of the information and I'm not sure exactly how that happened, but what is cited in the statute subsection (2)(c), is not what is in the body of the information. So, we've amended it to just track the same language so that the statute that's listed and wording that's listed is all the same according to the statute. The degree level stays the same nothing changes about it except for the fact that it's now tracking the (2)(c) subsection. I should it to Counsel. They agreed that their defense wouldn't have been altered, that they're not Prejudiced in any way. They don't have an objection to the "AMENDED INFORMATION". Defense Counsel Verified "No, Ma'am. Judge Mary M. Handsel the Presiding Judge took it upon her own authority to show that it has been filed and states "I ASSUME THAT DEFENSE IS WAIVING ANY ARRAIGNMENT ON THE AMENDED FELONY INFORMATION IS THAT CORRECT? Defense Counsel States "That's Correct Judge".

On Page 486 of Trial Transcript Lines 4-6 is State Prosecutor does State "You have a copy, and the copy that you have, Judge, has the aggravated child abuse as now amended and charged originally in the Statute. Then Lines 14-23 the court reads to prove the crime of aggravated child abuse, the State must prove that Jonathan Gelb Knowingly and willfully committed child abuse upon Lukuz Gelb, and in doing so, caused great bodily harm, Permanent disfigurement and he was under 18, willful means and the child abuse means. [NOTE: That is Not what the amended felony information reads]. Then Page 487 of Trial Transcript the courts state that the lesser included offense is child abuse & also listed as a category Two. Lines 18-23 the courts state "the actual child abuse instruction itself, any objection to that? that would be (b) 827.03(2)(b), did Knowingly or willfully commit intentional act that could reasonably be expected to result in Physical or mental injury to Lukuz Gelb, and the victim was under 18. [ Note: a really close observation of the amended felony information, the language of the lesser included offense IS mixed into the language of the greater offense & the Petitioner herein was not charged to 827.03(2) (b) Plus 827.03(2)(c) & 3rd degree felony & 1st degree felony ]. Therefore the amended felony information itself does NOT track the language of Subsection (2)(c) as the State Proclaims nor did the Petitioner take the amended felony information to trial when in fact the Petitioner Plead Not guilty to only 1 felony information not to an amended felony information nor did the Petitioner before re-arraigned to the amended felony information nor was the Juror reselected, etc...

b.) If you did not exhaust your State remedies on Ground One, explain why: I am currently up to the level of this Petition for writ of Habeas Corpus on Ground One.

(c) Direct Appeal of Ground One:

1) 2) You appealed from the Judgment of Conviction, did you raise this issue? No.

2). If You did not raise this issue in Your direct appeal, explain why:
I was informed per my appellate attorney that this issue does not have merit

d) Post-Conviction Proceedings:

2) Did You raise this issue through a Post-Conviction motion or Petition for habeas Corpus in a state trial court? Yes

Type of motion or Petition: MOTION FOR POST CONVICTION 3.850(a)(2)
Name and location of the Court where the Motion or Petition was filed:
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR
PASCO COUNTY, FLORIDA. @ 7530 Little Road, New Port Richey, FL 34654
Docket or Case Number (if You Know): 2ND DCA No: 2D12-3685 & L1. No:
CRC-08-06906CFAWS
Date of the Court's decision: January 28th 2016
Result (attach a Copy of the Court's opinion or order, if available):
See attached
3.) Did You receive a hearing on Your motion or Petition? No
4.) Did You appeal from the denial of Your motion or Petition? Yes
5) If Your answer to Question (4)(d) is "Yes" did Your raise this issue in the appeal? Yes
6) If Your answer to Question (d)(5) is "Yes" state:

Name and location of the Court where the Appeal was filed:
IN The Second District Court of Appeal @ 1005 E. Memorial, Boulevard
Lakeland, FL 33801-0327
Docket or Case Number (if You Know): 2D16-734
Date of the Court's decision September 7, 2016

Result (attach a copy of the Court's Opinion or order, if available):
See attached.

13.
a). Have all grounds for relief that you have raised in this Petition been
presented to the highest state court having jurisdiction? Yes

b.) Is there any ground in this petition that has not been presented
in some state or federal court? If so which ground or grounds have
not been presented, and state your reasons for not presenting them?
No.

14. Have you previously filed any type of petition, application, or motion
in a federal court regarding the conviction that you challenge in this
petition? No.

15. Do you have any petition or appeal now pending (filed and not
decided yet) in any court, either state or federal, for the judgment you
are challenging? No.

16. Give the name and address, if you know, of each attorney who
represented you in the following stages of the judgment you are
challenging:

(a) at Preliminary hearing: Public Defender; William.V. Pura @
West Pasco Judicial Center, New Port Richey, FL 7530 Little Rd.

b). At Arraignment and Plea: Same 16(a)
c). At trial: Same as 16(a) & 16(b)
d). At Sentencing: Same as 16(a) & 16(b) & 16(c)
e): On appeal: Public Defender; Kevin Briggs @ Polk County Courthouse
255 N. Broadway. 3rd Floor, Post Office Box 9000-PD, Bartow, FL
33831

f.) In any Post-Conviction Proceeding: Pro-Se
g.) On appeal from any ruling against you in a Post-Conviction Proceeding: Pro-Se.

17. Do you have any future sentence to serve after you complete the sentence for the Judgment that you are challenging? No.

18. Timeliness of Petition: If your Judgment of Conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C §2244(d) does not bar your Petition:

As it is clearly shown numerous types of filing has been exercised since the Judgment & Conviction, through District Courts of appel & Florida Supreme Court as well. Although as of October 7.2020 I was given an opportunity to file this §2254 writ of Hebeas Corpus within 22 days of the order given to me which I received as of October 22nd 2020. The order is dated October 7th 2020

Therefore, Petitioner asks that the Court grant the follow relief:
1. Petitioner [JONATHAN G. GELB] to be discharged from the custody of Department of Corrections.

2. Petitioner [JONATHAN.G.GELB] Judgment and Conviction and Sentence to be Vacated.

Or any other relief to which Petitioner may be entitled.

Jonathan G. Gelb
PRO-SE

JONATHAN.G.GELB
DC#R30957

I declare (or Certify, Verify, or State) under Penalty of Perjury that the foregoing is true and Correct and that this Petition for Writ of Habeas Corpus was Placed in the Prison mailing system on OCTOBER, 26th 2020                    .

Executed (signed) on OCTOBER, 26th, 2020  .

Jonathan G Gelb
Signature of Petitioner
JONATHAN G. GELB
DC#R30957
@: Union Correctional Institution
Post Office Box 1000
Raiford, Florida 32083

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT OF
THE STATE OF FLORIDA IN AND FOR PASCO COUNTY
CRIMINAL DIVISION

STATE OF FLORIDA

v.

REF.: CRC08-006906CFAWS
UNC: 512008CF0006906A00WS
DIV.: 3

JONATHAN G. GELB,
SPN: 00302776, Defendant.

_____/

ORDER DENYING DEFENDANT'S AMENDED MOTION FOR POSTCONVICTION RELIEF

THIS CAUSE came before the court on Defendant's pro se "Plaintiff's (sic) Amended
[Motion for] Post-Conviction Relief," filed on January 12, 2016, pursuant to Florida Rule of
Criminal Procedure 3.850. After consideration of the motion, court file, and relevant legal
authority, the Court finds as follows:

**PROCEDURAL HISTORY**

On May 25, 2012, Defendant was found guilty of one count of Aggravated Child Abuse,
a first-degree felony, and sentenced on June 15, 2012, to 30 years' in prison. (*Exhibit A:
Judgment and Sentence*). On October 22, 2014, the appellate court issued a mandate affirming
Defendant's conviction and sentence. On October 6, 2015, Defendant filed his initial motion for
postconviction relief. On December 17, 2015, the court struck Defendant's initial motion for
failure to comply with the oath requirements of Rule. 3.850. On January 12, 2016, Defendant
filed the instant amended motion.

**ANALYSIS**

In a motion for postconviction relief, the defendant bears the burden of establishing a
*prima facie* case based on a legally valid claim. See Griffin v. State, 866 So. 2d 1 (Fla. 2003).
Conclusory allegations are not enough to meet this burden. Id. When alleging ineffective
assistance of counsel, the defendant must prove first that counsel's performance was deficient,
and second, that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S.
668 (1984). The deficiency prong requires the defendant to establish conduct on the part of
counsel that is outside the broad range of reasonableness under prevailing professional standards.
Id. at 688. There is a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance. Id. at 689. To satisfy the prejudice test, the defendant must

show that a reasonable probability exists that the outcome of the proceedings would have been different absent the ineffective assistance. Id.; Haliburton v. Singletary, 691 So. 2d 466 (Fla. 1997). In the event the defendant fails to satisfy one component, the inquiry ends, and the reviewing court need not determine if the defendant has satisfied the other prong of the Strickland test. See Maxwell v. Wainwright, 490 So. 2d 927 (Fla. 1986).

In the instant motion Defendant alleges a single claim of ineffective assistance of counsel; that counsel was ineffective for failing to object to an amended felony information that the State filed during Defendant's trial. Defendant goes on to allege that the trial court committed "complete manifest injustice, fundamental error, harmful error, by improperly submitting an improperly filed 'Amended Information.'" Specifically, citing to Fla. R. Crim. P. Rule 3.140 and Section 932.47(5), Florida Statutes, Defendant states the trial court erred in allowing the State to file an amended information during his trial.

Defendant's claim in the instant motion is without merit and insufficient to warrant postconviction relief. First the court notes that any claims of trial court error are inappropriate for a motion for postconviction relief because such claims should have been raised on direct appeal. See Hodges v. State, 885 So.2d 338, 366 (Fla.2004) (holding that claims of trial court error should be raised on direct appeal, not in a Rule 3.850 motion). Secondly, having reviewed the trial transcript, the court finds that counsel was not ineffective. It is clear from the record that this is not a case where counsel simply failed to make an objection. Instead, the record shows that counsel reviewed and considered the implications of the State's amended information and made a strategic decision not to object to same. See Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000) ("[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." citing Rutherford v. State, 727 So.2d 216, 223 (Fla. 1998); State v. Bolender, 503 So.2d 1247, 1250 (Fla.1987)).

Specifically, counsel acknowledged that the defense was not prejudiced by the changes made in the amended information and that those changes did not, and would not have, altered the defensive strategy in the case. (*Exhibit B: Trial Transcript – Pg. 484-85*). The record in this case is clear that the defense presented to the jury was that the Defendant did not abuse or shake his newborn son, and thus, did not cause the brain injuries sustained by the child. The defense focused on a complete lack of physical evidence of abuse and instead focused on alleged pre-

existing medical conditions of the child to explain his injuries. (*Exhibit B: Pg. 525-39*). Given the defense strategy in this case, this court is unwilling to find that trial counsel decision not to oppose the State's amended information was unreasonable. Furthermore, the court finds that even if counsel's actions could be seen as unreasonable, the Defendant is unable to show prejudice. There is simply no indication, or even an allegation on the part of the Defendant, that the defensive preparation and strategy in this case would have been different had the amended information been filed prior to trial. Accordingly, Defendant has failed to satisfy either prong of Strickland and his motion is hereby **DENIED**.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's amended motion for postconviction relief, filed January 16, 2016, is hereby **DENIED**.

**THE DEFENDANT IS HEREBY NOTIFIED** that this is a final order and that he has 30 days from the date of this order in which to file an appeal should he wish to do so.

**DONE AND ORDERED** in Chambers at New Port Richey, Pasco County, Florida, this 28th day of January, 2016. A true and correct copy of the forgoing was furnished to the parties below.

Mary M. Handsel, Circuit Judge

cc:    State Attorney; Staff Attorney

Jonathan G. Gelb, DC# R30957
Suwannee Correctional Institution - Annex
5964 U.S. Highway 90
Live Oak, Florida 32060

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN G. GELB,               )
                                )
        Appellant,              )
                                )
v.                              )          Case No. 2D16-734
                                )
STATE OF FLORIDA,               )
                                )
        Appellee.               )
_____  )

Opinion filed September 7, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Mary M. Handsel,
Judge.

Jonathan G. Gelb, pro se.

PER CURIAM.

        Affirmed.

NORTHCUTT, CASANUEVA, and BADALAMENTI, JJ., Concur.

JONATHAN G. GELB,
    Appellant/Petitioner,

v.

                         S.Ct. No.: SC20-926
                         2DCA No.: 2D20-2010
                         L.T. No.: 2008-CF-6906-CFAXWS

STATE OF FLORIDA,
    Appellee/Respondent.

## INITIAL BRIEF OF APPELLANT

# TOPICAL INDEX TO BRIEF

Page

Topical Index to Brief                                          2

Table of Citations and Authorities                             3

Statement of Facts                                             4

ARGUMENT:                                                     5-11

DOES THE STATE LOSE JURISDICTION OVER A
DEFENDANT AFTER THE STATE CHOOSES TO FILE AN
AMENDED FELONY INFORMATION AT THE CLOSING
OF THE STATES. WHEN THE DEFENDANT/APPELLANT
HAD PLEAD TO THE ORIGINAL INFORMATION AND
PURSUED TRIAL AS WAS NEVER RE-ARRAIGNED TO
THE AMENDED FELONY INFORMATION, NOR JUROR
RE-SELECTED. NOR DID THE DEFENDANT/APPELLANT
RE-PLEAD TO THE AMENDED FELONY INFORMATION.
AND DOES THE STATE HAVE TO RE-OBTAIN THE
JURISDICTION OF THE DEFENDANT/APPELLANT?

CONCLUSION                                                    12

CERTIFICATE OF SERVICE                                        13

CERTIFICATE OF COMPLIANCE                                     14

OATH                                                         14

## TABLE OF CITATIONS AND AUTHORITIES

<u>Cases and Authorities</u>                                                                <u>Page</u>

| | |
|---|---|
| Constitution of Florida Sect. 9 | 5 |
| Fla. R. Crim P. 3.160 | 5 |
| Fla. R. Crim P. 3.140(b) | 8 |
| Fla. R. Crim P. 3.140(d)(1) | 8 |
| Fla. R. Crim P. 3.140(j) | 5 |
| Fla. R. Crim P. 3.140(o) | 8 |
| Fla. Stat. 827.03 | 4, 8 |
| Sect. 28 Article V U.S. Constitution | 10 |
| Amendment V of the United States Constitution | 11 |
| Amendment XIV of the United States Constitution | 11 |
| <u>Alvarez v. State</u>, 257, 254, 25 So.2d 661 (1946) | 5, 10 |
| <u>McDuffie v. State</u>, 77 So.3d 848 (Fla. 1st DCA 2012) | 10 |
| <u>Peevey v. State</u>, 820 So.2d 422 (Fla. 4th DCA 2002) | 6 |
| <u>Powell v. Alabama</u>, 287 U.S. 45, 57, 69 (1932) | 6 |
| <u>State v. Stell</u>, 407 So.2d 642, 643 (Fla 4th DCA 1981) | 5 |
| <u>Toussaint v. State</u>, 755 So.2d 170, 172 (Fla. 4th DCA 2000) | 6 |

## STATEMENT OF FACTS

3

On December 8th, 2008, State of Florida originally filed an information alleging that Petitioner/Appellant violated Florida Statute 827.03(2)(c) Aggravated Child Abuse, on the 30th day of September 2008 Petitioner/Appellant did commit Aggravated Battery upon a child under the age of eighteen years of age and did thereby intentionally or knowingly cause great bodily harm and/or permanent disability to said victim. Petitioner/Appellant then pursued trial on May 21st, 2012, through and up to including sentencing on June 15th, 2012. May 25th, 2012, State filed in open court an amended felony information alleging Petitioner/Appellant did knowingly or willfully abuse a child by committing an intentional act that could reasonably be expected to result in physical or mental injury. June 15th, 2012, Juror rendered a verdict of guilty as charged and sentence the Petitioner/Appellant. Which on June 15th, 2012, was sentenced to 30 years of incarceration with a 1039 days jail credit.

## **ARGUMENT**

4

> DOES THE STATE LOSE JURISDICTION OVER A
> DEFENDANT AFTER THE STATE CHOOSES TO FILE AN
> AMENDED FELONY INFORMATION AT THE CLOSING
> OF THE STATES. WHEN THE DEFENDANT/APPELLANT
> HAD PLEAD TO THE ORIGINAL INFORMATION AND
> PURSUED TRIAL AS WAS NEVER RE-ARRAIGNED TO
> THE AMENDED FELONY INFORMATION, NOR JUROR
> RE-SELECTED. NOR DID THE DEFENDANT/APPELLANT
> RE-PLEAD TO THE AMENDED FELONY INFORMATION.
> AND DOES THE STATE HAVE TO RE-OBTAIN THE
> JURISDICTION OF THE DEFENDANT/APPELLANT?

An arraignment is strictly the hearing before a court having jurisdiction in a criminal case, in which the identity of the Defendant is established, the Defendant is informed of the charge(s) and of his or her rights and Defendant is required to enter a plea. The filing of an "amended" information which has been signed and sworn to has the legal effect on the original information of a nolle prosequi. The "amended" information supplants the original one and, pursuant to Fla. R. Crim P. 3.160, the Defendant MUST be re-arraigned. State v. Stell, 407 So.2d 642, 643 (Fla 4th DCA 1981). Fla. R. Crim P. 3.140(j). An information on which the Defendant is to be tried that charges an offense may be amended on the motion of the prosecution attorney or Defendant at [any time prior to trial because of formal defects] Alvarez v. State, 257, 254, 25 So.2d 661 (1946). Critical stages are those points in a criminal proceeding when an attorney's presence is necessary to secure a Defendants right to a fair trial..... "Perhaps

5

the most critical stages are those periods of proceedings from arraignment to trial." Powell v. Alabama, 287 U.S. 45, 57, 69 (1932). Constitution of the State of Florida Sect. 9 (Due Process) - "No person shall be deprived of life, liberty, or property without due process of law."

It is likewise clear that the charging or adding of an offense in an information is a substantive charge evoking prejudice and requiringa continuance. Peevey v. State, 820 So.2d 422 (Fla. 4th DCA 2002). An amendment that substantively alter the elements of the crime charged is per se prejudicial. Toussaint v. State, 755 So.2d 170, 172 (Fla. 4th DCA 2000). Florida Statute 837.03(2)(c) does NOT read as: "knowingly or willfully abuse a child by committing an intentional act that could reasonably be expected to result in physical or mental injury, and in so doing caused great bodily harm and/or permanent disability to said child." In fact what that precisely shows is a commingling of statutes. So, apparently the Petitioner/Appellant supposed amended felony information itself too is not a legitimate document. Now as the the instant case at hand also is (Trial Trancsript pages, 484-488); the State Prosecutor advises the Judge that an amended felony information has been presented and the Judge asked "Why," now the Prosecutor states the following, "I've spoken with the defense, who doesn't have an objection to the amendment, Judge, but the statute that is

6

cited in the original information does not track the language of the body of the information. And I'm not sure exactly how that happened, but what is cited in the statute, subsection (2)(c), is not what is in the body of the information." The Judge then says okay. The State then goes on to say "So we've amended it to just track the same language so that the statute that's listed and the wording that's listed is all the same according to the statute." The Judge says all right. The State then says "The degree level stays the same. Nothing changes about it except for the fact that it's now tracking the (2)(c) subsection. I showed it to counsel. They agreed that their defense wouldn't have been altered, that they're not prejudiced in any way. They don't have (page 485) an objection to the amended information. The Judge asked [my] Defendant/Appellant defense counsel, "Mr. Pura, any objection?? Defense counsel states no, ma'am. The Judge, "All right. It appears that the amended information that's been filed - - is there any request that I read this to the Jury? State prosecutor then states "No. I don't think so, Judge. I can't even imagine that they remember the original information by now." / For more detail of this discussion is on the face of the record in trial transcripts at which can be reviewed. (See Trial Transcripts, pages 484-488). Chapter 827 ABUSE OF CHILDREN F.S. 2008 has a wide broad of elements that the State must prove; "Child Abuse" means: an intentional act

7

that could reasonably be expected to result in physical or mental injury to said child. [NOTE: This is the lesser included offense at which was introduced at Petitioner/Appellant's trial]. "<u>AGGRAVATED   CHILD   ABUSE</u>" <u>827.03(2)(c)</u> reads as follows: knowingly or willfully abuses a child and in so doing causes great bodily harm and/or permanent disability to the child. <u>NOT</u> what the Petitioner/Appellant's felony information. A close observation shows that the State had taken a lesser included offense of a 3rd degree felony of Child Abuse and commingled its language and placed it in the felony information with the greater offense of a 1st degree felony of Aggravated Child Abuse language, when all along the State says that it does not change and that it is to track to the subsection (2)(c) and in fact the felony information states verbatim "contrary to Chapter 827.03(2)(c) Florida Statutes," <u>FALSE!</u> <u>3.140(b) – Nature of indictment or information</u>; the indictment or information on which the Defendant is to be tried <u>SHALL</u> be plain, concise, and definite written statement of the essential facts constituting the offense charged. <u>3.140(o) defects and variances</u> – No indictment or information or any count thereof, shall be dismissed or judgment arrested, or new trial on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever. <u>UNLESS</u> the court <u>SHALL</u> be of the opinion that the indictment

8

or information is so <u>VAGUE</u>, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of defense or expose the accused after conviction or acquittal to a substantial danger of a new prosecution for the same offense.

MANIFESTED CONSTITUTIONAL ERROR – an error by the trial court that has an identifiably negative impact on the trial to such a degree that the Constitutional rights of a party are compromised. A manifest constitutional error can be reviewed by court of appeals <u>EVEN IF THE APPELLANT DID NOT OBJECT AT TRIAL</u>.

MANIFEST ERROR – an error that is plain and indisputable, and that amounts to a complete disregard of controlling law or the credible evidence in the record.

PLAIN ERROR – an error that is so obvious or prejudicial that an appellate court should address it <u>despite the parties failure to raise a proper objection.</u> A plain error is often said to be so obvious and substantial that <u>failure to correct it would infringe a party's due process rights and damage the integrity of the judicial process</u>.

<u>Fla. R. Crim. P. 3.140(d)(1)</u> – the charge/allegation of facts; citation of law violated; each count of an indictment or information on which the Defendant is to be tried <u>SHALL</u> allege the essential facts constituting the

9

offense charged. In addition, each count SHALL recite the official customary citation of the statute, rule, resulation, or other provision of law that the defendant is to allegedly violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon IF the error or omission did not mislead the Defendant to the Defendant's prejudice. Now true enough the defense counsel did not raise a proper objection, however, here is a case law to show what would have occurred IF defense counsel would have raised an objection; McDuffie v. State, 77 So.3d 848 (Fla. 1st DCA 2012): had counsel objected and preserved the issue, the remedy on direct appeal would have been a reversal of the conviction for the offense charged in the amended information and remanded for entry of judgment and resentencing on the original charge. As within the Constitution, Sect. 28, Article V, U.S. Constitution Information and Indictment, all offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecutor attorney. Also as within Alvarez v. State, 257, 254, 25 So.2d 661 (1946); when the information was amended by assistant county solicitor so as to change a material allegation (even though he had consent of the trial courts) that had constituted an amendment which entirely vitiated the information and when the trial proceeded with under the information as so amended the Constitutional

10

rights of the Defendant were violated in that he was being tried on a purported information which did not comply with the requirements of the Constitution and the Defendant was thereby denied due process of law. Due process of law is the right of all persons to receive the guarantees and safeguards of the law and the judicial process. It includes such constitutional requirements as adequate notice, assistance of counsel, right to remain silent, to speedy trial, and public trial, to an impartial juror, and to confront and secure witnesses. <u>Amendment V of the United States Constitution</u>, states: "Nor shall any person be subject to deprivation of life, liberty, or property without due process of law." <u>Amendment XIV of the United States Constitution</u>, states: "Nor shall any state deprive any person of life, liberty, or property without due process of law." Personal jurisdiction <u>is</u> the courts power over the Defendant/Parties involved in a particular matter.

## CONCLUSION

11

It is clearly obvious that the State does in fact lose the personal jurisdiction over a Defendant _IF_ the state does choose to amend a felony information in a matter of substance due to formal defects especially if it is not tracking the proper language of a specific statute as in this instance the language did not track in the original information nor in the amended information. Yes, the State is required to re-obtain the jurisdiction of the Defendant through the proper procedures of criminal law, however, as it is shown throughout the record the Defendant did not become re-arraigned, did not re-plead, did not re-select juror. Juror was not re-sworn upon new issues joined. THEREFORE, the Appellant/Petitioner/Defendant herein has become unlawfully detained in the Department of Corrections and is now under false imprisonment without justification and the Appellant/Petitioner sentence of 30 years of incarceration shall by law become null and void by law. The Petitioner/Appellant herein is seeking the following remedies as outlined hereafter:

## NATURE OF RELIEF SEEKING TO BE SOUGHT

12

1.    Defendant/Petitioner/Appellant, shall be released from the Department of Corrections immediately.

2.    Defendant/Petitioner/Appellant, conviction and sentence imposed shall be set aside and/or vacated.

3.    Any and all equitable relief as just and deemed proper as a matter of law.

### CERTIFICATE OF SERVICE

I, JONATHAN GENE GELB, the Petitioner herein does hereby certify that the foregoing INITIAL BRIEF, with the statements contained within such are true and correct and does hereby acknowledge and submit to the penalties of perjury if and any of which statements are deemed unjust. Te foregoing document has been placed into the hands of an Institutional member on this 28th day of JULY, 2020, for legal mailing purposes and to be delivered by U.S. Postal Service to: SECOND DISTRICT COURT OF APPEAL @ Post Office Box 327, Lakeland, Florida 33802.

/s/ _Jonathan G. Gelb_
Jonathan G. Gelb, DC# R30957
Hamilton C.I. - Annex
10650 S.W. 46th Street
Jasper, Florida 32052

### CERTIFICATE OF COMPLIANCE

13

WITHIN respect to Florida Rules of Appellate Procedure 9.210, the following Initial Brief is being computer-generated with either Times New Roman 14-point font or Courier New 12-point font.

## OATH

I, JONATHAN GENE GELB, DC# R30957 do solemnly swear that the aforementioned Initial Brief has been fully read and understood. JONATHAN GENE GELB, agrees with the aforementioned Initial Brief and accepts under penalties of perjury the foregoing is true and correct and a copy has been furnished to ATTORNEY GENERAL, NIKKI ALVAREZ-SOWLES @ 3509 East Frontage Road, STE 200, Tampa. FL, 33609 On this 28th day of JULY , 2020.

Respectfully Submitted,

/s/ Jonathan G. Gelb
Jonathan G. Gelb, DC# R30957
Hamilton C.I. - Annex
10650 S.W. 46th Street
Jasper, Florida 32052

14